JUSTICE WARNER
dissents.
¶28 I dissent. I would follow the directives of § 27-19-201(1), (2), (3), MCA, and give the City what it effectively asked for when it chose not to file a motion for summary judgment but to petition for a preliminary injunction.
¶29 In this case, both the District Court and this Court are presented with a purely legal issue. That is, whether the County may, under the law, unilaterally rescind the interlocal agreement in question.
¶30 The District Court had no choice but to consider the ultimate legal issue involved. Section 27-19-201(1), MCA, requires it to do so, in a preliminary fashion. True, it would have been better if the District Court added “appears” or “preliminary” to its order, rather than say it made a final decision on the law. This would better fit our case law. However, this Court allows itself to be sidetracked into dodging the real issue, and instead meanders through the statutes and cases because of a non-substantive mistake by the District Court and because of the way the City plead its case. Today’s remand with instructions to grant a preliminary injunction unnecessarily delays resolution of the single issue presented by these facts to the detriment of both the City of Whitefish and Flathead County.
¶31 The Court expedited this appeal and has literally outdone itself to render a decision in a timely manner. The parties desire a quick resolution of this case for obvious reasons, and have fully briefed the legal issue before us. We are in a position to agree or disagree with the District Court’s legal conclusion that apparently the City will not be successful in obtaining the prayed for permanent injunction barring the County from ever rescinding the interlocal agreement without its consent. Therefore, I would consider the matter now, as required by § 27-19-201(1), MCA, and not add to the delay.
¶32 The Court correctly faults the District Court for reaching a decision on the ultimate issue presented before a trial on the merits, but under the circumstances presented here, that mistake is not substantive. There will be no trial on the merits. The City alleged it entered into an interlocal agreement with the County that could not be unilaterally rescinded, and the County breached the agreement by unilaterally rescinding it. The County admits these facts. The City prays for a legal conclusion that the agreement may not be unilaterally rescinded. The County desires a legal conclusion that the agreement is invalid and unenforceable. There is nothing to try. There being no reason to conduct a trial, the District Court was required to consider *501 whether the law allows a city and a county to enter into an interlocal agreement for zoning, which neither can get out of without the consent of the other, until the end of time. The District Court decided, inter alia, that the law did not allow such an agreement, and denied the preliminary injunction.
¶33 Now, on appeal, we do not address the merits of the District Court’s legal decision, as we should do in a preliminary fashion. We send this case back for a pro forma summary judgment motion, entry of judgment, and then another appeal on a purely legal issue already fully briefed here. In my view, we dodge our responsibility by refusing to consider the legal question presented. Of course, any preliminary determination is a forecast to the parties what the ultimate resolution of the case will be. But, that is the very purpose of § 27-19-201(1), MCA. The City knew this when it sought a preliminary injunction based on admitted facts.
¶34 The City alleged that the County’s action in preparing to re-zone the donut causes irreparable harm. However, the denial of a preliminary injunction does no harm to the applicant-the municipal corporation of Whitefish. Only property owners in the donut area, which is in Flathead County, are in danger of some future, unspecified injury if they as individuals have the temerity to take some irrevocable action, or decline to take some action, before the zoning issue now before us is finally decided. It does not appear the County’s actions toward re-zoning causes irreparable injury, as the question of whether any new regulations are valid is open during this litigation.[1] A preliminary injunction is not authorized by § 27-19-201(2), MCA.
¶35 Any re-zoning in the donut can and will be undone if it is held that the County breached an enforceable agreement not to re-zone without the City’s consent. I agree with the Court, disagree with the District Court, and would conclude that the interlocal agreement can be specifically enforced. If the ultimate decision is in favor of the City, the County cannot re-zone the donut, and the judgment will not be ineffectual. A preliminary injunction is not authorized by § 27-19-201(3), MCA.
¶36 Sub-sections (4) and (5) of § 27-19-201, MCA, are not applicable. Thus, this Court should base its decision on sub-section (1), and give *502 these parties what they askfor-a determination of whether it appears the City is entitled to the relief demanded.
¶37 Depending on this Court’s view of the single, legal question before us, the District Court should be affirmed or reversed. I dissent from the Court’s decision to require the District Court to issue a preliminary injunction without deciding whether it appears that the City is entitled to the relief demanded.

 As the City chose to pray for a preliminary injunction, and not proceed directly to the legal question of whether it is entitled to a permanent injunction, and this Court has decided to order that a preliminary injunction be issued, the questions of whether the City must post a bond to cover any losses sustained by the County, and the amount of such bond, are now open. Section 27-19-306, MCA.